IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CINDY S. CARPENTER,**
    **Plaintiff,**

v.                        **CIVIL ACTION NO. 2:06CV22**

**MICHAEL J. ASTRUE,**[1]
**COMMISSIONER OF SOCIAL SECURITY,**
    **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

On February 16, 2006, Plaintiff Cindy S. Carpenter ["Plaintiff"], through her counsel Joyce H. Morton and Montie VanNostrand, filed a Complaint in this Court pursuant to 42 U.S.C. § 405(g), to review a denial of Supplemental Security Income ("SSI"), under the Social Security Act [Docket Entry 1]. On May 1, 2006, Defendant Jo Anne B. Barnhart, Commissioner of Social Security ["Defendant"], through her counsel, Helen C. Altmeyer, filed a Motion to Dismiss Plaintiff's Complaint [Docket Entry 7]. On May 10, 2006, Plaintiff filed her Response to Defendant's Motion to Dismiss [Docket Entry 8]. This matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

## I. EVIDENCE BEFORE THE COURT

Cindy S. Carpenter ("Plaintiff") was born on October 25, 1976, and was 24 years old on the date of the ALJ's decision. On November 13, 1995, Plaintiff protectively filed an application for

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for former Commissioner Jo Anne B. Barnhart (or Acting Commissioner Linda L. McMahon [if the caption was changed previously]) as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

SSI. This application was denied at the initial level on February 15, 1996. Plaintiff filed a change-of-address with the Social Security Administration office on November 26, 1996. She filed a Request for Reconsideration on December 31, 1996. The claim was denied at the reconsideration level on May 15, 1997. Plaintiff did not further pursue this claim.

On April 21, 1999 (protective filing date), Plaintiff filed a second application for SSI, alleging disability since September 13, 1983, due to hearing problems and trouble reading and spelling. This application was denied at the initial level on May 19, 1999, and was not further pursued.

On December 14, 1999 (within one year of the initial denial of the April 21, 1999 claim), Plaintiff filed a third application fo SSI. She alleged disability beginning on January 15, 1999, due to emotional problems, depression, anxiety, learning disability (slow learner), spinal problems (pain), poor hearing in left ear, allergy to the sun, high blood pressure, breathing problems, and a "sugar problem." This application was also denied at the initial and reconsideration levels. The plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

ALJ T. Pace held a hearing on January 17, 2001. He found the general issue was whether Plaintiff was disabled pursuant to the Social Security Act. He also considered the issue of whether the April 21, 1999, claim could be reopened, finding as follows:

> Because the claimant's new application was filed within the one-year period following the date of the notice of the initial determination made with respect to the prior application, the prior determination may be reopened for any reason (20 CFR § 416.1487 et seq.) The evidence submitted in conjunction with the current application supports a finding that the prior decision was in error. Thus, there are grounds upon which the earlier determination may be reopened and revised.

The ALJ found Plaintiff had the severe impairments of an affective disorder, an anxiety

disorder, and borderline intellectual functioning, and concluded that Plaintiff had been under a disability since the date of her April 21, 1999, application.

The ALJ noted that Plaintiff had also filed an application in November 1995, which was initially denied on February 15, 1996. He did not reopen this claim, however, "because an application was not filed within two years of the date of the initial determination pursuant to section 416.1488, and the record also does not warrant reopening or revising this prior determination."

Plaintiff requested the Appeals Council review only the ALJ's decision not to reopen the November 1995 claim. The Appeals Council affirmed the ALJ's finding that Plaintiff had been disabled since April 21, 1999. The Appeals Council, however, vacated and remanded the ALJ's denial of the reopening of the 1995 claim, finding:

> [T]he decision does not reflect an adequate evaluation of the facts in this case using the criteria in Social Security Ruling 91-5p (SSR 91-5p) and Acquiescence Ruling 90-4(4) (AR 90-4(4)). Those rulings provide that administrative finality may be waived or good cause may be found for missing the deadline to appeal, based on consideration of an individual's mental capacity.

A second ALJ held an evidentiary hearing on November 3, 2004, concerning Plaintiff's capacity, during the pendency of the November 1995 claim, to understand the procedure for requesting review of the denial of that claim. The ALJ entered his Decision on February 14, 2005, finding that, during the relevant time period, Plaintiff functioned at the borderline intellectual level, understood the procedures for requesting review, requested reconsideration on her November 13, 1995 application, and concluded that good cause did not exist to extend the deadline for requesting review of the November 13, 1995 application. The ALJ issued a dismissal of the request for reopening. That dismissal was appealed to the Appeals Council on March 29, 2005. On December 19, 2005, the Appeals Council denied Plaintiff's Request for Review of the dismissal.

3

## II. DISCUSSION

### A. Contentions of the Parties

Defendant contends the Court does not have jurisdiction to review the Commissioner's decision not to reopen Plaintiff's prior SSI application because:

1. 42 U.S.C. §405(g) is the exclusive jurisdictional basis for judicial review;

2. 42 U.S.C. §405(g) authorizes judicial review only after a claimant has exhausted administrative remedies and obtained a "final decision;" and

3. The ALJ's decision not to reopen a claim is not a "final decision" subject to judicial review.

Plaintiff contends:

1. While agreeing that generally, a denial of a request to reopen a prior decision is not considered a "final decision" and subject to judicial review, there is an exception made in rare instances where the Secretary's denial of a petition to reopen is challenged on constitutional grounds;

2. The Commissioner can not refuse to reopen a pro se mentally handicapped individual's application once she establishes a prima facie case of mental incompetence at the time of the application, without first refuting that showing; and

3. The ALJ's consideration of evidence regarding the 1995 application constituted de facto reopening of the prior application.

### B. Discussion

Defendant argues this Court does not have jurisdiction over this matter because the dismissal of Plaintiff's claim was not a "final decision" reviewable by the Court. Judicial review of the Commissioner's final decision is set forth in the Social Security Act, 42 U.S.C. §405, as follows:

4

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the commissioner of social security may allow.
>
> (h) The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided . . . .

Here there is no dispute that Plaintiff did not pursue her 1995 claim past the denial of her Request for Reconsideration. There was therefore no hearing and no "final decision" made regarding that application. In Califano v. Sanders, 430 U.S. 99, 97 S. Ct. 980, 51, L.Ed.2d 192 (1977), the Supreme Court "rejected the claimant's argument that 42 U.S.C. §§ 405(h) and 405(g) confer jurisdiction on federal courts to review the Secretary's decision not to reopen a claim."

The Fourth Circuit holds, however, that the "Sanders bar . . . is not absolute." Shrader v. Harris, Secretary of Health, Educ. And Welfare, 631 F.2d 297 (4th Cir. 1980). The Court stated: "Adjudication of constitutional questions remains as an exception to the rule against judicial review." Id. The Court framed the issue in Shrader as follows:

> [W]hen mental illness precluded a pro se claimant from understanding how to obtain an evidentiary hearing after ex parte denial of his application for benefits, does the summary dismissal on res judicata grounds of his motion for a hearing with respect to a subsequent application deprive that claimant of property without due process of law?

Id. The Court answered the question in the affirmative, but then stated:

> A substitute safeguard to avoid Shrader's dilemma is available. Because the risk of error arises from summary application of the doctrine of res judicata on the basis of an ex parte denial of a mentally ill pro se claimant's prior claim, <u>the Secretary can eliminate this risk by conducting a hearing on the claimant's competence before invoking the doctrine to bar his subsequent claim.</u>

5

Id. (Emphasis added). The Court expressly found the burden on the Commissioner due to its ruling would be "relatively light," stating:

> It will prohibit the Secretary from summarily invoking the doctrine of res judicata when a claimant presents prima facie proof that mental illness prevented him from understanding the procedure necessary to obtain an evidentiary hearing after the denial of his prior pro se claim. Instead, <u>the Secretary will be obliged to conduct an evidentiary hearing to determine the claimant's mental competency. Only if the claimant is found incompetent need the Secretary afford him an evidentiary hearing on the merits of his claim.</u>

Id. (Emphasis added).

The Fourth Circuit subsequently held that there may be a similar constitutional deprivation where the Commissioner refuses to <u>reopen</u> the claim of a pro se mentally impaired claimant. See Culbertson v. Secretary of Health and Human Services, 859 F.2d 319 (4th Cir. 1988), Young v. Bowen, 858 F.2d 951 (4th Cir. 1988). In Young, the Court stated:

> In the context of social security law, both res judicata and administrative finality accomplish one similar task - - they prevent reexamination of the merits of an administrative decision. This may be an acceptable and even salutary result when a claimant has had a full and fair opportunity to establish any statutory entitlement. It offends fundamental fairness, however, to bind a claimant to an adverse ruling who lacks both the mental competency and the legal assistance necessary to contest the initial determination. That is the core of our decision in *Shrader* and <u>it operates with equal force whether the Secretary relies upon res judicata or some other procedural limitation.</u> [2]

(Emphasis added).

The Commissioner acquiesced in the rulings in Culbertson and Young in Acquiescence

---

[2] The undersigned notes that Plaintiff in this case was not denied benefits based on res judicata. In fact, she was awarded benefits on her subsequent applications. The potential deprivation is therefore much less serious than that addressed in Shrader, where the Court found: "If the ex parte disposition of Shrader's 1974 application is allowed to support summary res judicata dismissal of all subsequent application, Shrader, despite his incompetency, forever will be barred from obtaining a hearing on the merits of his claim." Shrader, supra, at 301.

6

Ruling ("AR") 90-4(4), which applies only in the Fourth Circuit, and also recognized the exception to administrative finality in Social Security Ruling ("SSR") 91-5p. AR 90-4(4) provides, in pertinent part:

> Where an initial or reconsideration determination based on an application filed by or on behalf of a claimant, who had no individual legally responsible for prosecuting the claim (e.g., a parent of a claimant who is a minor, legal guardian, attorney, or other legal representative), has become final (i.e., the 60 day time limit for requesting administrative review has expired) and the claimant presents a *prima facie* case that mental incompetence prevented him or her from understanding the procedures necessary to contest that determination, SSA will determine whether the claimant actually did not understand the procedures necessary for requesting review of the prior determination. If the adjudicator determines that a *prima facie* case is sufficiently conclusive to establish that the claimant did not have the mental competence necessary to request review of the prior determination, then he or she will not apply *res judicata* or administrative finality, but will reopen the prior determination and issue a revised determination. However, if there is a question of the sufficiency of the *prima facie* case, the adjudicator will hold an evidentiary hearing to determine the claimant's mental competence at the time of the prior determination.

> If the adjudicator determines that mental incompetence prevented the claimant from understanding the procedures for requesting administrative review of a determination, he or she will not apply *res judicata* or administrative finality even if more than four years have elapsed (two years in Title XVI cases), but will consider the case on its merits and issue a determination or decision that is subject to further administrative review.

> If the adjudicator determines that the claimant was capable of understanding the procedures necessary to request administrative review, he or she will apply the normal rules of *res judicata* or administrative finality and adjudicate the pending claim, as appropriate.

SSR 91-5p provides, in pertinent part:

> It has always been SSA policy that failure to meet the time limits for requesting review is not automatic grounds for dismissing the appeal and that proper consideration will be given to a claimant who presents evidence that mental incapacity may have prevented him or her from understanding the review process.

> When a claimant presents evidence that mental incapacity prevented him or her from timely requesting review of an adverse determination, decision, dismissal, or review

by a Federal district court, and the claimant had no one legally responsible for prosecuting the claim (e.g., a parent of a claimant who is a minor, legal guardian, attorney, or other legal representative) at the time of the prior administrative action, SSA will determine whether or not good cause exists for extending the time to request review. If the claimant satisfies the substantive criteria, the time limits in the reopening regulations do not apply; so that, regardless of how much time has passed since the prior administrative action, the claimant can establish good cause for extending the deadline to request review of that action.

The claimant will have established mental incapacity for the purpose of establishing good cause when the evidence establishes that he or she lacked the mental capacity to understand the procedures for requesting review.

Here there is no evidence that Plaintiff was represented by counsel or that there was another individual legally responsible for prosecuting the claim (e.g., a parent of a claimant who is a minor, legal guardian, attorney, or other legal representative). The issue before the ALJ was therefore twofold: 1) Did Plaintiff establish prima facie proof that she suffered from a mental illness when she submitted her 1995 application, and, if so, 2) Did that mental illness prevent her from pursuing that claim. Under Shrader, Culbertson, Young, AR 90-4(4), and SSR 91-5p, if the Plaintiff presented prima facie proof that a mental impairment prevented her from timely requesting review of the May 1997 decision, the Commissioner was required to conduct a hearing on her competency at the relevant time before invoking the doctrine of administrative finality. In fact, the Appeals Council remanded the claim to the ALJ to conduct just such a hearing, and the ALJ did conduct the hearing. He subsequently made findings of fact and concluded that Plaintiff had not been mentally incompetent and had not lacked the capacity to pursue further review of her 1995 application at the relevant time.

The Fourth Circuit has held in an unpublished opinion that the holding of the evidentiary hearing was enough to satisfy the requirements of the Due Process Clause. In Long v. Chater, 52

8

F.3d 321 (4th Cir. 1995)(unpublished), the claimant first sought benefits in 1985. Her application was denied. She applied again in 1991, and was awarded benefits. The claimant requested she be awarded benefits retroactive to 1985. The ALJ conducted a hearing and determined that the claimant did not satisfy any of the prerequisites to permit reopening, and also concluded that, contrary to the claimant's argument, she was mentally competent in 1985 to have sought administrative and judicial review of her denied claim. The claimant filed a civil action seeking review of the Commissioner's decision denying her request to reopen the 1985 denial of benefits. The district court adopted the magistrate judge's report and recommendation to dismiss the claimant's complaint for lack of subject matter jurisdiction, and the claimant appealed. The Fourth Circuit held:

> We find that the district court correctly dismissed Long's complaint for lack of subject matter jurisdiction. The Secretary's denial of her request to reopen a prior denied claim is plainly not subject to judicial review. <u>To the extent Long argues that the Secretary's denial violated her due process rights, we find this contention without merit because the Secretary satisfied the requirements of the Due Process Clause by conducting a supplemental hearing and making findings concerning Long's mental capacity in 1985.</u> *See Young*, 858 F.2d at 955 (citing *Shrader v. Harris*, 631 F.2d 297, 302-03 (4th Cir. 1980)).

<u>Id.</u> [3] (Emphasis added). The undersigned therefore finds Plaintiff's contention that the Commissioner's denial of the reopening of her 1995 claim violated her Due Process rights is without merit. The Commissioner satisfied the requirements of the Due Process Clause by remanding the claim to an ALJ, who then held a hearing, and made findings regarding Plaintiff's mental capacity at the relevant time. The Commissioner's denial of her request to reopen is therefore not subject to judicial review.

---

[3] A copy of <u>Long</u> is attached to this Report and Recommendation pursuant to CTA 4, Rule 36(c).

9

In the alternative, the undersigned also finds the ALJ's determination that Plaintiff had the mental capacity to pursue her claim in 1997 is supported by substantial evidence. After the Fourth Circuit remanded Shrader to the Commissioner, the Commissioner held a hearing as ordered, and determined that Shrader's mental condition had not prevented him from understanding the administrative process. The Commissioner again denied Shrader's claim by application of res judicata. In Shrader v. Heckler, 754 F.2d 142 (4th Cir. 1985)("Shrader II"), the Fourth Circuit found that the district court had jurisdiction to review, as a condition of its jurisdiction, the Commissioner's determination that Shrader's mental condition did not prevent him from understanding the administrative process. The Court also found that "the district court should therefore have reviewed the Secretary's factual determination of mental capacity."[4] The Court nevertheless affirmed the district court's decision, holding:

> Despite the failure of the district court to review the finding of capacity, we conclude that the record contains sufficient evidence supporting the Secretary's determination of capacity to affirm the district court's dismissal of Shrader's petition for lack of jurisdiction. Under 42 U.S.C. § 405(g), the Secretary's finding of fact must be affirmed if supported by substantial evidence. The record contains evidence that during consideration of his third application for benefits Shrader wrote a letter stating that he had contacted his Congressman and his lawyer and would appeal every denial of his claim. Furthermore, the record indicates that following denial of his third claim, Shrader properly and timely applied for administrative reconsideration of the denial. We conclude that this is substantial evidence to support the Secretary's

---

[4]The Second Circuit expressly noted the seeming inconsistency between Shrader II and Long in Stieberger v. Apfel, 134 F.3d 37 (2nd Cir. 1997), stating:

> In an unpublished opinion, the Fourth Circuit subsequently ruled that the holding of a 91-5p hearing was adequate to meet a claim of constitutionally ineffective notice, see Long v. Chater ... even though in Shrader II, the Court of Appeals had examined the agency record to determine for itself whether the denial of reopening was based on substantial evidence.

Id. at n.4

> determination that Shrader had the mental capacity to understand the hearing and appellate process incident to consideration of his claim. No compelling countervailing evidence was adduced.
>
> On that basis we conclude that the Secretary properly applied res judicata to deny Shrader's claim and that the district court therefore properly dismissed the action seeking judicial review for lack of jurisdiction.

Id.

In the case at bar, the ALJ considered evidence that Plaintiff's IQ scores in February 1997, (shortly before her Request for Reconsideration was denied) were in the borderline range. The ALJ also determined this evaluation was apparently done as part of Plaintiff's Request for Reconsideration. He also noted that Plaintiff's grades in school were fairly good in reading, writing, and language. He noted Plaintiff was capable of seeking out assistance from various social agencies, and that she, like Shrader, properly requested reconsideration after the 1995 application was denied at the initial level. Plaintiff went to Seneca Mental Health on a self referral voluntary basis in 1996, for help with her child's care situation. At the time she related she had her own 5 ½ month old son to care for "and also took care of her boyfriend's two children and she did not have any time for herself." She obtained help with child care and had been in her own apartment since July 1996. She continued to live in her apartment until the end of June 1997, (only a month after her claim was denied) when she moved and sought help from Women's Aid in Crisis and stayed at a shelter for several days due to an abusive relationship. The ALJ also noted that, while Plaintiff contended she was "functionally illiterate," an interviewer at Seneca Mental Health noted that Plaintiff "had no difficulty reading authorization for treatment when presented to her. Client does not appear to be credible in many areas as she often contradicted herself."

The undersigned finds that the ALJ properly conducted a hearing and properly submitted his findings of fact and conclusion that Plaintiff was not precluded, by her mental impairments, from

11

pursuing her 1995 claim. The undersigned finds substantial evidence supports this conclusion, and therefore finds this case should be dismissed for lack of jurisdiction.

Plaintiff finally argues that the Commissioner, in denying her petition to reopen, constructively reopened the application by reviewing it on its merits. The undersigned disagrees. The Commissioner "must be afforded some leeway in making a decision whether to reopen . . . ." Hughes v. Chater, 114 F.3d 1176 (4th Cir. 1997)(unpublished).[5] It is obvious that, in order to properly make the required determination regarding Plaintiff's mental capacity in 1997, the ALJ had no choice but to consider evidence of Plaintiff's mental capacity at the time. To hold that by considering such evidence the ALJ constructively reopened the case is illogical and could cause claims to go on for years. This argument flies in the face of the Fourth Circuit's determination in Shrader I, that "the Secretary will be obliged to conduct an evidentiary hearing to determine the claimant's mental competency," and that "the change required to afford the claimant due process imposes a comparatively slight burden on the Secretary." Shrader, supra, at 302. (Emphasis added).

### III. RECOMMENDED DECISION

For the reasons above stated, the undersigned recommends Defendant's "Motion to Dismiss Plaintiff's Complaint" [Docket Entry 7] be **GRANTED** and this matter be dismissed and stricken from the court's docket.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy

---

[5]A copy of Hughes is attached to this Report and Recommendation pursuant to CTA 4 Rule 36(c).

of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Court Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this **27** day of **February**, 2007.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

Westlaw.

52 F.3d 321

Page 1

52 F.3d 321, 1995 WL 234291 (C.A.4 (N.C.))
(Cite as: 52 F.3d 321)

C
Briefs and Other Related Documents
NOTICE: THIS IS AN UNPUBLISHED OPINION.(The Court's decision is referenced in a " Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA4 Rule 36 for rules regarding the citation of unpublished opinions.)
United States Court of Appeals, Fourth Circuit.
Ethel G. LONG, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security, Defendant-Appellee.
**No. 94-2343.**

Submitted: March 21, 1995.
Decided: April 21, 1995.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, District Judge. (CA-94-38-3-MU)

George L. Fitzgerald, Charlotte, NC, for Appellant. Mark T. Calloway, United States Attorney, James M. Sullivan, Assistant United States Attorney, Charlotte, NC, for Appellee.
W.D.N.C.

AFFIRMED.

Before MURNAGHAN and MICHAEL, Circuit Judges, and BUTZNER, Senior Circuit Judge.

OPINION

PER CURIAM:
*1 Appellant, Ethel Long, appeals the district court's order dismissing her claim seeking review of the Secretary of Health and Human Services' (Secretary) decision not to reopen a prior denial of disabled widow's insurance benefits for lack of subject matter jurisdiction. Finding no error, we affirm.

I

Long first sought disabled widow's insurance benefits in 1985. Her application was denied because she failed to submit evidence that she was married to the decedent for a period of not less than ten years as required by the regulations. *See* 20 C.F.R. § 404.336(a)(2) (1994). Long did not seek administrative or judicial review of the Secretary's denial. Long applied for disabled widow's insurance benefits again in 1991. This time, Long submitted a divorce certificate and a deed to property, which taken together established her marriage to the decedent for a duration in excess of ten years. Long was awarded benefits effective in 1991.

Long appealed the Secretary's decision and requested that she be awarded payments retroactive to 1985, when she first applied for benefits. The ALJ conducted a hearing and determined that Long did not satisfy any of the regulatory prerequisites to permit a reopening of the Secretary's earlier denial of benefits. The ALJ also concluded that, contrary to Long's representations, she was mentally competent in 1985 to have sought administrative and judicial review of her denied claim. Accordingly, the ALJ denied Long's request to reopen that denial. Long's subsequent request for review was denied by the Appeals Council.

Long then filed this civil action seeking review of the Secretary's decision denying her request to reopen the 1985 denial of benefits.

The district court adopted the magistrate judge's report and recommendation to dismiss Long's complaint for lack of subject matter jurisdiction, and Long timely appealed.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

52 F.3d 321

Page 2

52 F.3d 321, 1995 WL 234291 (C.A.4 (N.C.))
**(Cite as: 52 F.3d 321)**

II

Federal courts have jurisdiction only over the Secretary's final decisions. 42 U.S.C.A. § 405(g) (West Supp.1994). A denial of a request to reopen a prior final determination is not, in and of itself, a final decision of the Secretary within the meaning of § 405(g). *Califano v. Sanders,* 430 U.S. 99, 108 (1977); *Young v. Bowen,* 858 F.2d 951, 954 (4th Cir.1988). Hence, the Secretary's decision not to reopen a previously denied claim is not subject to federal judicial review unless that denial independently impaired a constitutional right. *Young,* 858 F.2d at 954.

We find that the district court correctly dismissed Long's complaint for lack of subject matter jurisdiction. The Secretary's denial of her request to reopen a prior denied claim is plainly not subject to judicial review. To the extent Long argues that the Secretary's denial violated her due process rights, we find this contention without merit because the Secretary satisfied the requirements of the Due Process Clause by conducting a supplemental hearing and making findings concerning Long's mental capacity in 1985. *See Young,* 858 F.2d at 955 (citing *Shrader v. Harris,* 631 F.2d 297, 302-03 (4th Cir.1980)).

*2 We accordingly affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*

C.A.4 (N.C.),1995.
Long v. Chater
52 F.3d 321, 1995 WL 234291 (C.A.4 (N.C.))

Briefs and Other Related Documents (Back to top)

• 1994 WL 16048624 (Appellate Brief) Appellant's Brief (Nov. 01, 1994) Original Image of this Document with Appendix (PDF)
• 1994 WL 16048623 (Appellate Brief) Brief for the Appellee (Jan. 01, 1994) Original Image of this

Document (PDF)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

114 F.3d 1176 (Table)

Page 1

114 F.3d 1176 (Table), 1997 WL 303231 (4th Cir.(S.C.))
**Unpublished Disposition**

(Cite as: 114 F.3d 1176, 1997 WL 303231 (4th Cir.(S.C.)))

C

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA4 Rule 36 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Fourth Circuit.
William C. **HUGHES**, Plantiff-Appellant,
v.
Shirley S. **CHATER**, Commissioner of Social Security, Defendant-Appellee.
No. 95-3033.

Submitted: May 20, 1997.
Decided: June 5, 1997.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Dennis W. Shedd, District Judge. (CA-94-1245-8-19AJ)

H. Jeff McLeod, Anderson, South Carolina, for Appellant.

Arthur J. Fried, General Counsel, Charlotte J. Hardnett, Deputy General Counsel, A. George Lowe, Acting Associate General Counsel for Litigation, John M. Sacchetti, Acting Chief, Retirement, Survivors and Supplemental Assistance Litigation Branch, Alan S. Frank, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.

Before HAMILTON and MOTZ, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

OPINION

PER CURIAM:

**1 William C. Hughes sought judicial review of the Commissioner of Social Security's ("Commissioner") decision not to reopen his prior applications for benefits under Titles II and XVI of the Social Security Act ("the Act"). He now appeals the district court's dismissal of his action for lack of subject matter jurisdiction to review the Commissioner's decision. Finding that Hughes failed to state a claim upon which relief could be granted, we affirm.

In September 1987, Hughes concurrently filed his first applications for Supplemental Security Income [SSI] and Disability Insurance Benefits, alleging that he had suffered from a deteriorating disc in his back since July 1983. These claims were initially denied in November 1987, and upon reconsideration in March 1988. Thereafter, Hughes brought these claims before an administrative law judge ("ALJ") in September 1988. Prior to the hearing, Hughes was informed of his legal right to have counsel present at the hearing. He was given information on how to obtain counsel, along with a list of organizations willing to provide legal services at a reduced rate or at no cost at all. Hughes did not obtain legal counsel and proceeded pro se. Hughes's wife was also present at the hearing.

In February 1989, the ALJ rendered a decision finding that Hughes was not disabled on or before December 31, 1985, [FN1] that Hughes was not entitled to Supplemental Security Income because he was not disabled and that the psychiatric review revealed no medically-determinable impairment. Hughes was notified of his right to request an Appeals Council's review of this decision. He declined to seek review, making the ALJ's decision

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

114 F.3d 1176 (Table)

114 F.3d 1176 (Table), 1997 WL 303231 (4th Cir.(S.C.))
**Unpublished Disposition**

(Cite as: 114 F.3d 1176, 1997 WL 303231 (4th Cir.(S.C.)))

final and binding on the Commissioner.

> FN1. December 31, 1985, was the last date that Hughes met the insured requirements for entitlement to disability insurance benefits.

In January 1990, Hughes filed a second application for SSI benefits, this time alleging a back impairment. This claim was initially denied in March 1990, and upon reconsideration in May 1990. At Hughes's request, a hearing was held before an ALJ in August 1990. Hughes and his wife were present without legal representation. In September 1990, the ALJ found that Hughes was not disabled and that there was no evidence of a medically-determinable emotional or mental impairment. Although Hughes did not have legal representation at this stage of the proceedings, he submitted additional medical evidence and requested Appeals Council review of the ALJ's decision. The Appeals Council considered the additional evidence, but denied review. Accordingly, the ALJ's September 1990 decision became final and binding upon the Commissioner.

In March 1992, Hughes protectively filed a third application for SSI benefits, alleging disability due to nerves and a deteriorating disc. This claim was initially denied in May and upon reconsideration in October 1992. Again, Hughes requested an ALJ hearing. At the hearing, held in June 1993, Hughes was represented by counsel. The ALJ's decision, dated July 23, 1993, found that Hughes had been disabled since March 20, 1992. The ALJ based this decision on Hughes's combination of physical and emotional problems, coupled with his recent treatment for depression. The ALJ further found that no new evidence had been presented that would warrant reopening Hughes's prior applications.

**2 In September 1993, Hughes, through counsel, requested review by the Appeals Council. He submitted additional medical evidence and a brief in support of his request to reopen his first two applications for benefits. The Appeals Council denied review of the ALJ's July 1993 decision because it was decided in Hughes's favor, and refused to reopen Hughes's prior applications because the first application could not be reopened since more than four years had passed since the date of its initial denial (November 1987), and there was no new and material evidence that would warrant reopening the second application. Further, the Appeals Council rejected Hughes's mental incompetence claims because he had pursued his first claim to the ALJ hearing level and the second claim to the Appeals Council, all without the benefit of legal counsel. The Appeals Council ruled that the March 1990 order was the final decision disposing of Hughes's second application for benefits.

Hughes commenced this action in federal district court seeking judicial review of the Commissioner's decision. He claimed that he was entitled to have his initial application for Disability Insurance Benefits reopened because he was denied due process during the evidentiary hearing before the ALJ. To support this claim, Hughes alleged that he established a prima facie case that he was suffering from a mental impairment at the time of the hearing. Hughes also claimed that the Commissioner's decision not to reopen his second application was not supported by substantial evidence.

Relying on *Califano v. Sanders,* 430 U.S. 99 (1977), the magistrate judge recommended that the action be dismissed for lack of subject matter jurisdiction. The district court agreed and dismissed the action. Hughes appeals, claiming that the district court had subject matter jurisdiction to judicially review the Commissioner's decision not to reopen his prior claim, that he suffered a due process violation as a result of the Appeals Council's decision not to reopen his prior applications, and that the Appeals Council's investigation into his prior claims constituted a constructive reopening of those prior applications. We disagree.

A federal district court has limited authority to review "any final decision of the Commissioner of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Social Security made after a hearing to which [the claimant] was a party ...," 42 U.S.C. § 405(g) (1994), and neither the Administrative Procedure Act nor § 405(g) confers subject matter jurisdiction on federal courts to review the Commissioner's refusal to reopen a prior determination. *See Sanders,* 430 U.S. at 108. We agree with the district court that it lacked subject matter jurisdiction over Hughes's claims under § 405(g). But Hughes seeks on appeal to justify his action under two narrow exceptions to the district court's lack of jurisdiction. These exceptions occur when a claimant raises a colorable claim of unconstitutionality, *see Young v. Bowen,* 858 F.2d 951, 954 (4th Cir.1988), and when the Commissioner, in denying a petition to reopen an earlier application, actually addresses the merits of the claim, thereby constructively reopening the prior application. *See McGowen v. Harris,* 666 F.2d 60, 65-66 (4th Cir.1981).

**\*3** Hughes urges on appeal that the Commissioner's refusal to reopen his initial application for disability benefits violates his constitutional due process rights. [FN2] To support his due process claim, Hughes asserts that at the time of the hearing he was mentally incompetent, proceeding without the aid of legal representation, and that the ALJ did not conduct the hearing in accord with established precedent in this circuit. *See Shrader v. Harris,* 631 F.2d 297, 301-02 (4th Cir.1980) ("an adverse determination made in an ex parte proceeding involving a claimant who lacked mental competence to pursue an administrative appeal could not be accorded res judicata ... without violating the claimant's right to due process.").

> FN2. On appeal, Hughes is only contesting the Commissioner's decision denying his petition to reopen his initial application for disability benefits, which became final February 3, 1989.

When presented with prima facie proof that mental illness prevented the claimant from understanding the necessary procedure to obtain an evidentiary hearing after the denial of his prior pro se claim, the Commissioner is obliged to either conduct an evidentiary hearing to rebut the prima facie case or reconsider the prior claim on the merits. *See Shrader,* 631 F.2d at 302.

Our review of the evidence before the Commissioner discloses that the Commissioner was not obliged to either conduct an evidentiary hearing to rebut the evidence of mental incompetency or to reconsider the prior claim on the merits. The medical evidence submitted by Hughes fails to establish prima facie proof that he suffered from a mental illness when he submitted his initial application for Disability Insurance Benefits or that his mental illness prevented him from pursuing an administrative appeal following the denial of his claim. Although Hughes's due process claim stated a colorable constitutional claim, it was clearly without merit. Accordingly, we cannot say that the district court erred in dismissing this claim. However, this claim was not so patently frivolous as to deprive the district court of jurisdiction. *See Bell v. Hood,* 327 U.S. 678, 682-85 (1946). Therefore, we find that the district court should have dismissed this claim for failure to state a claim under Fed.R.Civ.P. 12(b)(6), and we affirm on that basis. *See Boock v. Shalala,* 48 F.3d 348, 353 (8th Cir.1995).

Finally, Hughes asserts that the Commissioner, in denying his petition to reopen his initial application, constructively reopened that application by reviewing it on the merits. We do not agree.

The Commissioner "must be afforded some leeway in making a decision whether to reopen, so that it may 'in fairness look far enough into the proffered factual and legal support to determine whether it is the same claim.' " *Hall v. Chater,* 52 F.3d 518, 521 (4th Cir.1995) (quoting *McGowen,* 666 F.2d at 67). Here, there is no indication that the Commissioner ever addressed the merits of Hughes's initial claim in denying his petition to reopen. Instead, the Appeals Council simply found that more than four years had elapsed since the denial of that claim. Because the Commissioner engaged in no more than a simple inquiry to determine if the facts presented

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

114 F.3d 1176 (Table)
114 F.3d 1176 (Table), 1997 WL 303231 (4th Cir.(S.C.))
**Unpublished Disposition**

**(Cite as: 114 F.3d 1176, 1997 WL 303231 (4th Cir.(S.C.)))**

Page 4

warranted reopening Hughes's initial application and never reached the merits of that application, jurisdiction over that decision cannot be based on a theory of constructive reopening. Thus, this claim is meritless.

**\*\*4** We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

114 F.3d 1176 (Table), 1997 WL 303231 (4th Cir.(S.C.)) Unpublished Disposition

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.